[614 NYS2d 249]

In the Matter of C. THEODORE WELLINGTON (Admitted as CLAUDE THEODORE WELLINGTON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 31, 1994

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Richard Ware Levitt,* New York City *(Nicholas G. Kaizer* of counsel), for resignor.

## OPINION OF THE COURT

Per Curiam.

C. Theodore Wellington has submitted an affidavit dated March 7, 1994, and a supplemental affidavit dated April 3, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

Mr. Wellington concedes in his affidavit that he is the subject of a pending investigation into allegations of his professional misconduct as set forth in a petition, dated December 30, 1993. The allegations include mishandling escrow funds, failing to deliver a check to his client in the amount of $5,115, improperly entering into a business transaction with a client, neglecting legal matters entrusted to him, and failing to maintain adequate bookkeeping records for his escrow account during the years 1987, 1988 and 1990. Mr. Wellington acknowledges that he could not successfully defend himself, on the merits, against charges predicated upon the misconduct under investigation.

Mr. Wellington indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Mr. Wellington acknowledges that he is submitting his resignation subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a), and acknowledges the continuing jurisdiction of the Court to make such an order. Mr. Wellington is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel for the Grievance Committee has recommended that the Court accept the proffered resignation. Under the circumstances, the resignation of C. Theodore Wellington as a member of the Bar is accepted and directed to be filed. Accordingly, C. Theodore Wellington is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and RITTER, JJ., concur.

Ordered that the resignation of C. Theodore Wellington is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, C. Theodore Wellington is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that C. Theodore Wellington shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, C. Theodore Wellington is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.